# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALLISON FASANO, Individually and as )
Administratrix of the Estate of the Late JO )
PAULA BARSHAY, PAUL GIBSON, )
EDDIE GIBSON, and KAREN YEATMAN,)
    Plaintiffs, )
         )
        v. )        C.A. N21C-03-309 DJB
         )
SONYA TUERFF, M.D., DELAWARE )
VASCULAR & VEIN CENTER, LLC, a )
Delaware Corporation, and CHRISTIANA )
CARE HEALTH SYSTEM, INC. d/b/a )
CHRISTIANA CARE-NEWARK, a )
Delaware Corporation, CHRISTIANA )
CARE HEALTH SERVICES INC. d/b/a )
CHRISTIANA CARE NEWARK, a )
Delaware Corporation, ALLEN KATZ, MD )
TIDAL HEALTH NANTICOKE, Inc., a )
Delaware Corporation, VIRTUAL )
RADIOLOGIC CORPORATION, a )
Delaware Corporation, NANTICOKE )
HEALTH SERVICES, INC., a Delaware )
Corporation, and NANTICOKE )
MEMORIAL HOSPITAL, INC., a Delaware)
Corporation, )
        Defendants. )

Date Submitted:  January 16, 2024
Date Decided:  February 1, 2024

## ORDER

*On Defendants Sonia Tuerff, M.D. and Delaware Vascular and Vein Center's
Motion to Extend the Discovery Deadline - DENIED.*

Having considered Defendants Sonia Tuerff, M.D. and Delaware Vascular and Vein Center's (hereinafter "Vascular Defendants") Motion to Extend the Discovery Deadline, Plaintiff's response in opposition thereto, oral arguments of the parties, the joint supplemental letter submission of Plaintiffs and the Vascular Defendants and the record in this matter; the Court finds the following:

1.    This is a medical negligence case in which Plaintiffs allege negligence in the treatment of Ms. Jo Paula Barshay by the named defendants. Liability is claimed by Plaintiffs both directly and vicariously on the respective defendants. This action was brought in March of 2021.[1]

2.    An initial Trial Scheduling Order was issued on October 27, 2021.[2] This scheduling Order was amended on December 20, 2022, by Stipulation and Order extending fact and expert discovery.[3] Once again, on February 15, 2023, the parties submitted a Stipulation to amend the Trial Scheduling Order.[4] This was denied by the Court given the time constraints with the original trial date and a scheduling conference was held, establishing new discovery deadlines, motion deadlines and a new trial date.[5] Effectively, that created the third Trial Scheduling

---

[1] *Fasano, et. al. v. Tuerff, et. al.*, C.A. No. N21C-03-309 DJB; D.I. 1. An Amended Complaint was filed on May 12, 2021. D.I. 12.
[2] D.I. 82.
[3] D.I. 149.
[4] D.I. 157.
[5] D.I. 158, 176.

Order in this case. Again, on September 19, 2023, counsel for the Vascular Defendants wrote to the Court requesting an addition ninety (90) days to effectuate discovery.[6] This letter acknowledged the Court's concern discussed at the previous scheduling conference regarding the multiple extensions and need to move the trial date in this case. The Stipulated Amended Trial Scheduling Order was granted nonetheless, creating a fourth scheduling Order.[7]

3. Before the Court now is a request to modify the trial scheduling Order for a fifth time. Vascular Defendants request this modification due to the unavailability of a fact witness, Plaintiffs' surgeon Dr. Robb, for deposition within the allotted timeframe.[8] Plaintiffs oppose.[9] Neither the Christiana Care Health Services Defendants, nor the TidalHealth Nanticoke, Inc., Nanticoke Health Services, Inc. and Nanticoke Memorial Hospital, Inc. Defendants opposed the motion and all requested excusal from oral argument.[10]

4. Vascular Defendants argue that this is a simple modification so that a fact witness can be deposed and maintain Plaintiffs will suffer no prejudice as a result. Plaintiffs argue there is real and potential prejudice, as these defendants intentionally waited to schedule this deposition, the expert discovery deadline has

---

[6] D.I. 202.
[7] D.I. 204.
[8] D.I. 211.
[9] D.I. 216.
[10] D.I. 214, 217.

expired and that costs and delay will ensue in getting new deposition transcripts to all experts if this is allowed. Additionally, Plaintiffs fear the Vascular Defendants will be attempting to circumvent the expert deadline by presenting the testimony of Dr. Robb, who was not designated as an expert.

5.     Vascular Defendants stated that it was a "strategic decision" to wait to notice and schedule Dr. Robb's deposition.[11]

6.     All parties agree that Dr. Robb may only be called as a fact witness as this point in the litigation. All parties also agree that Dr. Robb's testimony would be regarding his medical records for the procedure he performed on Ms. Barshay prior to the alleged negligence and those records are found in the Christiana Hospital Records for Ms. Barshay. These records have all been provided to the relevant experts prior to their respective depositions and conclusions.

7.     Defendants allege prejudice if this deposition is not permitted because "Dr. Robb performed the surgical procedure at the center of Plaintiffs' allegation: a total aortic arch replacement."[12]  However, the Court fails to find substantial prejudice, if any at all, exists if Dr. Robb is not deposed.  First and foremost, a deposition is not a prerequisite to trial testimony, so Dr. Robb's presentation is still available for the Vascular Defendants at trial. Second, Dr. Robb is only permitted

---

[11] D.I. 232.

[12] D.I. 211(emphasis in original stricken).

to give fact testimony and the record before the Court is devoid of any compelling argument as to why his medical records alone are now insufficient. There is also nothing before the Court that any of the proffered experts found these records to be insufficient, thus necessitating further questioning at a deposition prior to them being able to formulate a conclusion. Finally, the choice to wait to depose Dr. Robb was wholly on Vascular Defendants.

8. It is well-settled that it is within the Court's discretion to control its docket.[13] "The Court enters scheduling orders for a reason – to insure prompt, fair adjudication of civil suits. Through its scheduling orders, the Court attempts to effectively and efficiently manage its constantly growing civil docket."[14]

9. Even assuming there is prejudice to Vascular Defendants, it is not outweighed by the additional time and expense that will inevitably be spent by all parties in providing the deposition testimony to the experts and any resulting consequences – all after the expert deadlines have passed. As articulated above, the Trial Scheduling Order in this case has been modified repeatedly at the request of parties in this case. The Court voiced its concerns with the constant modification at the final scheduling conference, but ultimately amended the Order accordingly based upon the parties joint request. The fact that there is a January 2025 trial date

---

[13] *Rispoli v. Stancoski, M.D., et al.*, 2006 WL 3492447 *1 (Del. Super. Ct. Dec. 1, 2006).
[14] *Id.*

does not negate the additional expenses all will endure and the very real possibility that the Trial Scheduling Order will have to be modified in the future as a result of this fact deposition.

10. Therefore, for the reasons stated, the Vascular Defendants' Motion to Extend the Discovery Deadline is DENIED. The current Trial Scheduling Order is to remain in effect with the exception of the dispositive and *Daubert* motion deadline, which was previously extended as a result of the instant motion, to February 2, 2024.[15]

**IT IS SO ORDERED.**

Danielle J. Brennan, Judge

Cc: All parties via File&Serve Express

---

[15] D.I. 232.